THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JESSE RUDY GONZALEZ, | * |
| Plaintiff, | * |
| v. | *   Civil Action No.:  RDB 09-347 |
| LT. GEN. KEITH B. ALEXANDER,<br>Director, National Security Agency, | * |
| | * |
| Defendant. | |
| | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OPINION**

Plaintiff Jesse Rudy Gonzalez ("Gonzalez"), proceeding *pro* se, filed the instant Complaint against Lieutenant General Keith B Alexander, the Director of the National Security Agency ("Defendant").  Gonzalez asserts claims under the Rehabilitation Act of 1973, 29 U.S.C. § 791 *et seq*., and the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*., alleging employment discrimination on the basis of disability.  On October 2, 2009, Defendant filed the instant motion requesting this Court to dismiss Gonzalez's Complaint because it was not timely filed.  The parties' submissions have been reviewed and no hearing is necessary to decide this matter.  *See* Local Rule 105.6 (D. Md. 2009).  For the reasons set forth below, Defendant's Motion to Dismiss (Paper No. 14) is GRANTED.

**BACKGROUND**

Gonzalez is legally blind and works as an analyst for Defendant.  Compl. at 2.  Gonzalez alleges that on June 25, 2006, he was refused a promotion because of his disability.[1]  *Id*.

---

[1] Gonzalez later received the promotion he alleges he was refused because of his disability on June 22, 2008.  Def.'s Mot. to Dismiss at 1.

Specifically, Gonzalez alleges that Defendant discriminated against him by refusing to accommodate his disability, which meant he could not meet the production standards required for a promotion. *Id.*

On June 27, 2006, Gonzalez contacted an Equal Employment Opportunity ("EEO") Counselor for Defendant concerning his allegation of discrimination. Final Agency Decision ("FAD") at 1. After multiple counseling sessions with Defendant's EEO Office, his concerns were not resolved. *Id.* On October 13, 2006, Gonzalez filed a formal complaint with Defendant's EEO Office.[2] *Id.* On September 24, 2008, Gonzalez received the FAD from Defendant's EEO Office. Def.'s Mot. to Dismiss at 2. The FAD informed Gonzalez that his Complaint was dismissed because he had not provided evidence demonstrating that Defendant acted in a discriminatory manner when Gonzalez was denied a promotion on June 25, 2006. FAD at 16. The FAD concluded that Gonzalez was not subjected to illegal discrimination based on his disability and no relief was awarded. *Id.*

On February 12, 2009, Gonzalez filed a Complaint in this Court alleging discrimination by Defendant under the Rehabilitation Act of 1973, 29 U.S.C. § 701, *et seq.*, and the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.*[3] Currently pending before this Court is Defendant's Motion to Dismiss (Paper No. 14).

## STANDARD OF REVIEW

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint may be dismissed for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

---

[2] Defendant acknowledged receipt of Gonzalez's formal complaint on October 26, 2007. FAD at 1.

[3] In the Complaint, Gonzalez also brings his discrimination claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* However, he does not bring forth any cognizable allegations to support this claim. Compl. at 1-2.

A Rule 12(b)(6) motion tests the legal sufficiency of a complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). Therefore, the court accepts all well-pleaded allegations as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. *Ibarra v. United States,* 120 F.3d 472, 474 (4th Cir. 1997).

A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action" in order to survive a motion to dismiss. *Id.* at 555. Well-pleaded factual allegations contained in the complaint are assumed to be true "even if [they are] doubtful in fact," but legal conclusions are not entitled to judicial deference. *See id.* The United States Supreme Court has recently explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009).

## ANALYSIS

Defendant has moved to dismiss this case on the basis that Gonzalez failed to exhaust his administrative remedies in a timely matter.

Claims of failure to timely exhaust administrative remedies are appropriately raised in 12(b)(6) motions to dismiss for failure to state a claim. *See Pantry Pride Enterprises, Inc. v. Glenlo Corp.,* 729 F.2d 963, 965 (4th Cir. 1984); *Zografov v. V.A. Medical Center,* 779 F.2d 967, 970 (4th Cir. 1985). Courts have strictly enforced the timeliness requirements that govern actions alleging employment discrimination. *Tangires v. Johns Hopkins Hosp.*, 79 F. Supp. 2d 587, 597 (D. Md. 2000).

Here, under 42 U.S.C. 2000e-16(c), Gonzalez initiated the required internal complaint process with Defendant when he filed a formal complaint of discrimination with Defendant's EEO Office on October 13, 2006.[4]  However, on September 24, 2008, Gonzalez received a Final Agency Decision ("FAD") dismissing his claim because he failed to bring forth any evidence to support his allegation of discrimination.  Compl. at 16.  The FAD informed Gonzalez that he may appeal Defendant's ruling by filing a complaint with the Equal Employment Opportunity Commission ("EEOC") within 30 days, or by filing a complaint with the appropriate federal court within 90 days of receipt of the FAD.  *Id.* at 17.

In order to timely file his Complaint, Gonzalez needed to file a complaint with this Court no later than December 23, 2008 – 90 days after he received the FAD on September 24, 2008.  Gonzalez did not file his Complaint of discrimination with this Court until February 12, 2009 – one hundred and forty-one days after the filing deadline.  Thus, Gonzalez's Complaint was not timely filed.  Furthermore, Gonzalez did not appeal the FAD to the EEOC Office of Federal Operations.  Therefore, this action should be dismissed because Gonzalez failed to timely exhaust his administrative remedies.  *See Nealon v. Stone,* 958 F.2d 584, 589-90 (4th Cir. 1992) (citing *Zografov*, 779 F.2d at 968-69); *Medlock v. Rumsfeld,* 336 F. Supp. 2d 452, 462-63 (D. Md. 2002).

Accordingly, Defendant's Motion to Dismiss (Paper No. 14) is GRANTED and Gonzalez's Complaint is dismissed with prejudice.  A separate order follows.

/s/_____
Richard D. Bennett
United States District Judge

---

[4] Defendant's EEO Office sent its FAD to Gonzalez on September 17, 2008 via certified mail.  Def.'s Mot. to Dismiss at 4.